OPINION
{¶ 1} The sole issue on appeal is whether Trooper James Hutchinson of the Ohio State Highway Patrol possessed probable cause to arrest Randall Smith for driving under the influence of alcohol (OVI).
 {¶ 2} After the trial court overruled his motion to suppress evidence, Smith entered a plea of no contest and was found guilty. The court sentenced and fined Smith accordingly.
 {¶ 3} Trooper Hutchinson was the sole witness at the suppression hearing. He testified on direct that on April 21, 2005, at approximately 1:15 a.m., in Fairborn, he observed Smith's vehicle stopping in the left turn lane of Maple Avenue at the intersection of Maple and Dayton-Yellow Springs Road. As he stopped, Smith turned on his hazard lights. As Trooper Hutchinson pulled up behind Smith's car and parked, Smith exited his vehicle and walked across the through traffic lane to the sidewalk on the east side of Maple Avenue. Smith was walking away from his car when Trooper Hutchinson caught up with him and told him to stop, which he did. As he approached Smith, Trooper Hutchinson noticed that Smith had watery, bloodshot eyes and a strong odor of an alcoholic beverage about his breath. Smith's speech was "somewhat thick and slurred," a characteristic of someone under the influence of alcohol. Smith said he had "two or a couple of beers." Smith "had trouble removing his ID, as if his fine motor skills were altered," which is also an indication of Smith's being under the influence. Trooper Hutchinson did a records check using his "portable" as he and Smith stood on the sidewalk. He continued to smell a strong odor of alcohol on Smith. Trooper Hutchinson learned that Smith was under some sort of license suspension. After completing the records check, Trooper Hutchinson attempted to commence field sobriety testing, at which point "Mr. Smith did state to go ahead and place him under arrest," which Trooper Hutchinson did, for OVI. Trooper Hutchinson was of the opinion that Smith was under the influence of alcohol.
 {¶ 4} On cross, Trooper Hutchinson conceded that he was unaware of anything other than alcoholic consumption that might have caused Smith's watery eyes. He also conceded that people sometimes exhibit anxiety when stopped by the police. Conceding that he was not familiar with Smith prior to the encounter, Trooper Hutchinson agreed he was not familiar with Smith's motor skills, his manner of speech, or whether Smith was the nervous type; and he further agreed that apprehension of being caught driving under suspension could account for nervousness as well as could intoxication. He also agreed that alcohol gives off the strongest odor when it is first ingested and before it affects the central nervous system, and that this may have been the case with Smith. Trooper Hutchinson also agreed that he hadn't observed any erratic driving, that Smith was very cooperative, and that he was "not falling down drunk."
 {¶ 5} On appeal, Smith essentially argues that because Trooper Hutchinson observed no erratic driving, and because there were other possible explanations for Smith's indicators of being under the influence of alcohol, Trooper Hutchinson lacked probable cause to arrest Smith for OVI.
 {¶ 6} While a police officer's observation of erratic driving certainly supports probable cause, erratic driving is not an essential component of probable cause and Smith does not argue that it is.
 {¶ 7} Although Trooper Hutchinson conceded that there could be other possible explanations for Smith's indicators of being under the influence other than his actually being under the influence, no evidence was presented to support those possibilities. There was no evidence of an alternative cause for Smith's watery eyes, slurred speech, or difficulty producing his ID. There was no evidence that Smith was a nervous, anxious person or that he was nervous or anxious because of apprehension about being caught driving under suspension. Nor is there evidence that Smith's alcoholic consumption was too recent to have affected his central nervous system.
 {¶ 8} Thus, we are left with Trooper Hutchinson's observations, as testified to on direct, as to whether he possessed probable cause, i.e., sufficient information to warrant a prudent person in believing that an OVI offense had been committed and that Smith committed it. See State v. Turner
(1974), 38 Ohio St.2d 122, 127.
 {¶ 9} There is no question that Smith had been driving and that he exhibited several classic indicators of being under the influence: watery, bloodshot eyes; strong odor of alcohol; thick, slurred speech; and difficulty producing ID. Furthermore, the trial court was impressed by Smith's invitation to Trooper Hutchinson, as he attempted to initiate field sobriety tests, to go ahead and arrest him:
 {¶ 10} "Smith's statement that Hutchinson should arrest him came after the attempt to do the HGN test, and a prudent officer could logically take that as a recognition by Smith that he'd been caught and deserved to be arrested. This interpretation of Smith's words is a fair one, and the court should not disrespect his own assessment of his condition. Smith's recognition that he should be arrested takes the facts from an appearance of drunkenness to an admission of conduct sufficient to from [sic] the basis of an arrest."
 {¶ 11} Probable cause to arrest requires less evidentiary support than proof beyond a reasonable doubt. In our judgment, the State sustained its burden.
 {¶ 12} The assignment of error is overruled.
 {¶ 13} The judgment will be affirmed.
Brogan, J. and Fain, J., concur.